■ RANDAL D. TAAFFE, Respondent, v. HARRY SANGER, Appellant.— Determination appealed from affirmed, with costs to the respondent. Concur — Breitel, J. P., Rabin, Bergan and Bastow, JJ.; McNally, J., dissents and votes to reverse and dismiss the complaint for the reasons stated in the dissenting opinion of Mr. Justice STEUER in the Appellate Term.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHANDLER SHAW, Appellant.— Order unanimously affirmed. No opinion. Concur — Breitel, J. P., Rabin, McNally, Bergan and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ARTHUR SULLIVAN, Appellant.— Order unanimously affirmed. No opinion. Concur — Breitel, J. P., Rabin, McNally, Bergan and Bastow, JJ.

■ THOMAS FINAN, Respondent, v. JOHN J. CASALE, INC., Appellant.— Judgment unanimously reversed and new trial ordered on the ground of excessiveness of verdict unless plaintiff stipulates to reduce the verdict to $30,000, in which event the judgment, as so modified, is affirmed, without costs. Settle order. Concur — Breitel, J. P., Rabin, McNally, Bergan and Bastow, JJ.

■ FRANK LEVINE, Respondent, v. NEW YORK POST CORP., Appellant, et al., Defendant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Breitel, J. P., Rabin, McNally, Bergan and Bastow, JJ.

■ In the Matter of ANNA GORDY et al., Appellants, against ROBERT C. WEAVER, as State Rent Administrator, Respondent, and GEORGE B. BENTA, Intervenor-Respondent. In the Matter of MINNIE SCOTT, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent, and GEORGE B. BENTA, Intervenor-Respondent.— The record on appeal is insufficient to pass upon the issue of identity between the landlord and the owners of the business who seek the housing accommodations for a business use. It appears that there is a difference in the composition of the individuals who constitute the landlord and the individuals who constitute the business for which the housing accommodations are sought. While the son is interested in both the building and the business and all of the parties interested in the business and the building are members of the same immediate family, it is not clear what arrangement would be devised between all concerned for the occupancy of space in the building by the business. It is not apparent that the arrangement would involve a withdrawal of the housing accommodations from the rental market or that any arrangement would be consistent with the purposes of the State Residential Rent Law (L. 1946, ch. 274, as amd.) and justify the granting of an order of eviction under section 54 of the State Rent and Eviction Regulations. We will not say that an appropriate arrangement may not be effected under the circumstances, but we cannot say that the present record justifies the determination made by the State Rent Administrator, which determination has been affirmed by the orders appealed from. The orders appealed from are modified to remand the matters to the State Rent Administrator for such further consideration, fact-finding and determination as are required to pass upon the issue involved. Settle order. Concur — Peck, P. J., Botein, Frank, Bergan and Bastow, JJ.

■ ETHEL RUDIKOFF, as Executrix of BENJAMIN RUDIKOFF, Deceased, Respondent, v. JERRY S. NEEDLEMAN, as Administrator of the Estate of BARNEY NEEDLEMAN, Deceased, Appellant.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Peck, P. J., Botein, Frank, Bergan and Bastow, JJ.